IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: )<br>Loretta A. Siracusa )<br>)<br>    Debtor(s) )<br>_____ )<br>Ronda J. Winnecour, Chapter 13 )<br>Trustee, )<br>)<br>    Movant, )<br>)<br>    Vs. )<br>Lakeview Loan Servicing LLC )<br>)<br>    Respondent(s) ) | Case No.: 18-20762 JAD<br>Chapter 13 |

### TRUSTEE'S MOTION TO PRECLUDE POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES

AND NOW, Ronda J. Winnecour, Standing Chapter 13 Trustee for the Western District of Pennsylvania, reports, as follows:

1. This case was filed on March 1, 2018.
2. Lakeview Loan Servicing LLC filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on June 27, 2018.
3. The Trustee avers that the Notice should be disallowed in its entirety.
4. The attorney's fees should be disallowed because they have not been explained. The Trustee request proof as to when they were incurred, for what they were incurred, or for the charges to be disallowed.
5. The Trustee does not believe the underlying contract authorizes the fees, costs, and charges.
6. The fees for filing the proof of claim should be disallowed because the filing of the proof of claim is an administrative matter not requiring counsel. In the event that this Honorable Court finds that contract between the debtor and the creditor permits legal fees and that this Honorable Court also finds that legal fees for the act of filing the proof of claim are appropriate, the Trustee contends that the charge constitutes and unreasonable legal fee.
7. The charge of $650.00 for filing a proof of claim is clearly a flat rate charged by agreement between the creditor and counsel. However,

reasonable legal fees, in this district, are determined by the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate.  The Notice does not contain proof of either.  Sadler v. Balboa Capital Corp., 2014 U.S. Dist. LEXIS 27161 (W.D. Pa. 2014).

8. Pennsylvania law controls.  The mortgage is a "residential mortgage" as defined by 41.P.S.101.  A lender may not charge legal fees until 30 days following the "Act 6" notice.  41 P.S. 406(a)(3).  Even then the lender may only charge a maximum of $50.00 until the commencement of a foreclosure or other legal action.  Bankruptcy related services do not constitute other legal action.  In re Graboyes, 223 Fed. Appx.112 (3d Cir. 2007), In re DeTone, 262 B.R. 359 (Bankr. W.D. {a. 2001).  The Trustee is unable to determine from the documentation provided by the creditor that "Act 6" notice was given, the date that it was given, or whether a foreclosure or other legal action was timely commenced and therefore, the Trustee challenges the fees on the basis that they exceed the allowable amounts.  41 P.S. 406(a)(3). Quicken Loans, Inc. v Winnecour (In re Dworek) 2018 Bankr. LEXIS 2508, 2018 WL 4027475 Bankr. WD PA (August 22, 2018).

9. The Trustee is concerned that even if the creditor seeks to withdraw the Notice of Postpetition Mortgage Fees, Expenses and Charges that the charges will remain on the creditor's records and will be improperly assessed against the loan.  The Trustee requests that this Honorable Court order the creditor to provide proof that the loan history has been corrected even if the creditor seeks to withdraw the Notices.

10. The Trustee requests that this Court enter an Order that precludes the Creditor from assessing the cost of defending this Objection to the debtors or the loan.

WHEREFORE, the Trustee respectfully requests that the Notices be disallowed and that this Honorable Court order the Respondent to provide proof that the records have been adjusted to remove these charges.

        Respectfully Submitted,

<u>3/21/2019</u>          <u>/s/ Ronda J. Winnecour</u>

Ronda J. Winnecour (PA I.D. #30399)
Attorney and Chapter 13 Trustee
U.S. Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com